UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DEION BROWN,

    Petitioner,

v.

TERRY ROYAL, *et al.*,

    Respondents.

Case No. 3:25-cv-00052-MMD-CLB

ORDER

## I. SUMMARY

Petitioner Deion Brown, a pro se Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus. (ECF No. 1-1.) This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases[1] as well as consideration of Brown's Motion for Appointment of Counsel (ECF No. 4) and Motion to Extend Time (ECF No. 8).

## II. BACKGROUND

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez,* 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Brown challenges a conviction and sentence imposed by the Eighth Judicial

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

District Court for Clark County.[2] On June 15, 2023, the state court entered a judgment of conviction for attempted lewdness with a child under the age of fourteen. The state court sentenced Brown to a term of eight to twenty years. The Nevada Court of Appeals affirmed the conviction.

On June 28, 2023, Brown filed a state petition for writ of habeas corpus. The Nevada Court of Appeals affirmed the denial of relief. On January 24, 2025, Brown mailed or handed to a correctional officer for the purpose of filing his federal petition for writ of habeas corpus. (ECF No. 1-1.) The Court denied Brown's *in forma pauperis* ("IFP") application and instructed him to pay the filing fee. (ECF No. 6.) Brown timely complied. Accordingly, the Court denies his motion to extend time to pay the filing fee as moot. (ECF No. 8.)

### III.  DISCUSSION

Turning to Brown's motion for appointment of counsel (ECF No. 4), there is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue such relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that appointment of counsel in this case is in the interests of justice. Brown is serving a relatively lengthy sentence. His petition indicates that he has suffered from mental health issues. In addition, his petition may raise relatively complex issues,

---

[2]The Court takes judicial notice of the online docket records of the Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

and it is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Brown's motion for appointment of counsel is granted.

### IV. CONCLUSION

It is therefore ordered that Brown's Motion for Appointment of Counsel (ECF No. 4) is granted.

It is further ordered that Brown's Motion to Extend Time (ECF No. 8) is denied as moot.

It is further ordered that the Clerk of the Court is directed to file the Petition for Writ of Habeas Corpus (ECF No. 1-1) on the docket.

It is further ordered that the Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Brown or to indicate the office's inability to represent Brown in these proceedings. If the Federal Public Defender is unable to represent Brown, the Court will appoint alternate counsel. The counsel appointed will represent Brown in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Brown at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an

3

1 | electronic copy of all items previously filed in this case by regenerating the Notice of
2 | Electronic Filing to the Office of the Attorney General only. Respondents' counsel must
3 | enter a notice of appearance within 21 days of entry of this order, but no further response
4 | will be required from Respondents until further order of the Court.

5 | It is further ordered that the Clerk of Court is further directed to send a copy of this
6 | order to Brown, the Nevada Attorney General, the Federal Public Defender, and the CJA
7 | Coordinator for this division.

8 | DATED THIS 1st Day of July 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE