UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEION BROWN, | Case No.: 3:25-cv-00052-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| TERRY ROYAL, *et al.*, | |
| Respondents. | |

## I.    SUMMARY

This habeas matter is before the Court on Petitioner Deion Brown's Motion to Withdraw Counsel (ECF No. 17), Motion for Appointment of Counsel (ECF No. 18), and Motions to Extend Time (ECF Nos. 20, 29) as well as Respondents' Motion to Seal (ECF No. 25). For the reasons discussed below, the Court denies Brown's Motion to Withdraw and Motion for Appointment of Counsel and grants Respondents' Motion to Seal.

## II.    BACKGROUND

Brown challenges a state court conviction and sentence for attempted lewdness with a child under the age of 14.  The state district court sentenced Brown to a term of 8 to 20 years.  Following direct appeal and postconviction proceedings, Brown filed a federal habeas petition and initiated the instant proceeding. (ECF No. 1-1.) Following the appointment of counsel, Brown filed his first amended petition. (ECF Nos. 14, 19.)

## III.    DISCUSSION

### A. Motion to Withdraw and Motion to Appoint Counsel

The Court confirmed the appointment of the Federal Public Defender through Ron Y. Sung, Esq. as counsel for Brown. (ECF No. 14.) Brown filed a *pro per* motion requesting withdrawal of his counsel based on a conflict of interest, asserting that his counsel wants Brown to dismiss his habeas petition. (ECF No. 17 at 2.) Brown also

requested appointment of counsel. (ECF No. 18.)

Courts presiding over federal habeas petitions have the discretion to appoint counsel when justice so dictates. Brown has no Sixth Amendment right to represent himself in this case because the right to self-representation does not apply to habeas proceedings. *See Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152 (2000). As the Supreme Court expressed in *Martinez*, "[t]he requirement of representation of trained counsel implies no disrespect for the individuals inasmuch as it tends to benefit the appellant as well as the court." *Id*. at 163.

In addition, Rule 6(a) of the Rules Governing Section 2254 Cases (the "Habeas Rules") instructs that the district court must appoint counsel "[i]f necessary for effective discovery." And under Habeas Rule 8, a district court must appoint counsel if an evidentiary hearing is warranted. Although the Court makes no rulings as to whether a discovery or evidentiary hearing is warranted at this point, sound case management and efficient administration of justice militate in favor of appointing counsel earlier rather than later in a case where either is possible, particularly where, as here, Brown's petition likely raises complex issues, including whether his claims are exhausted and/or procedurally defaulted and whether he can demonstrate cause and prejudice to overcome any procedural bars.

Brown is reminded that counsel is under no obligation to restate and reassert each and every allegation that a petitioner desires to pursue. Rather, counsel is appointed to exercise their independent professional judgment about which allegations, claims, and arguments they believe collectively present the best chance of success. *Cf. Jones v. Barnes*, 463 U.S. 745 (1983) (counsel is vested with the authority to determine which are the strongest issues and which should be "winnow[ed] out"). The Court cautions Brown that refusal to cooperate with counsel will not be deemed a conflict-of-interest worthy of removing counsel. *See McNeal v. Williams*, 2023 WL 418643, at *1 (9th Cir. Jan. 26, 2023) (agreeing with the district court that the interests of justice are best served by having counsel represent the petitioner in complex matters, and the district court did not

abuse its discretion in denying petitioner's motion to dismiss counsel because of petitioner's disagreement with counsel's decisions as to which claims to raise in his § 2254 petition).

The Court encourages Brown to communicate with counsel and work with them to develop his case, as he has been granted a resource that many *pro se* litigants ask for but are denied. It remains in Brown's best interest to communicate with his counsel as this district's local rules prevent the Court from entertaining *pro se* filings when a party is represented by counsel. Brown may pursue this matter and communicate with the Court only through filings by counsel.

Because the Court finds that, on the current record, appointment of counsel is in the interests of justice, the Motion to Withdraw Counsel is denied, and the Court is not persuaded that substitution of counsel is warranted. The Court denies Brown's Motion to Appoint Counsel.

### B. Motions to Extend

Brown requests an extension of time to file his amended petition. (ECF No. 20.) His first amended petition, however, has been filed. (ECF No. 19.) The Court denies his motion for extension of time as moot.

Brown seeks also an extension of time to file his opposition to Respondents' motion to dismiss. (ECF No. 29.) The Court finds that the request is made in good faith and not solely for the purpose of delay, and, therefore, good cause exists to grant the motion. Brown has until June 15, 2026 to file his opposition.

### C. Motion to Seal

Respondents seek leave to file under seal two documents (ECF No. 25): Exhibit 18, Petitioner's psychosexual evaluation (ECF No. 26-1); and Exhibit 19, Petitioner's Presentence Investigation Report ("PSI") (ECF No. 26-2). Under Nevada law, the PSI is "confidential and must not be made a part of any public record." NRS § 176.156(5). In addition, the need to protect medical privacy generally qualifies as a "compelling reason" for sealing records. *See, e.g., Abbey v. Hawaii Emp'rs Mut. Ins. Co.*

*(HEMIC)*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010).

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Accordingly, the Respondents' Motion to Seal (ECF No. 25) is granted, and Exhibits 18 and 19 (ECF Nos. 26-1, 26-2) are considered properly filed under seal.

## IV.   CONCLUSION

It is therefore ordered that Petitioner Deion Brown's Motion to Withdraw Counsel (ECF No. 17) is denied.

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 18) is denied.

It is further ordered that Petitioner's Motion to Extend Time (ECF No. 20) is denied as moot.

It is further ordered that Petitioner's Motion to Extend Time (ECF No. 29) is granted. Brown has until June 15, 2026 to file his opposition.

It is further ordered that Respondents' Motion to Seal (ECF No. 25) is granted. Exhibits 18 and 19 (ECF Nos. 26-1, 26-2) are considered properly filed under seal.

DATED THIS 11th Day of May 2026.

_____

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE