UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEION BROWN,<br>Petitioner,<br>v.<br>TERRY ROYAL, *et al.*,<br>Respondents. | Case No. 3:25-cv-00052-MMD-CLB<br>ORDER |

## I. SUMMARY

Petitioner Deion Brown filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (“First Amended Petition” (ECF No. 19)). This habeas matter is before the Court on Respondents’ Motion to Dismiss (ECF No. 28 (“Motion”)).[1] For the reasons discussed below, the Court denies Respondents’ Motion.

## II. BACKGROUND

Brown challenges a state court conviction pursuant to a guilty plea and sentence for attempt lewdness with a child under the age of 14. (ECF No. 23-22.) The state district court sentenced Brown to a term of 8 to 20 years. Concurrent with his direct appeal, Brown filed a state habeas petition and the state district court denied the petition, finding several claims were procedurally barred. (ECF No. 23-36.) The Nevada Court of Appeals affirmed the judgment of conviction and the state district court’s denial of postconviction relief and refused to consider certain claims on appeal in the first instance. (ECF No. 24-14.)

Brown filed a federal habeas petition and initiated the instant proceeding. (ECF No. 1-1.) Following the appointment of counsel, Brown filed his first amended petition. (ECF

[1]Petitioner responded (ECF No. 28) and Respondents replied (ECF No. 35). Respondents filed a Motion to Extend time to file their reply (ECF No. 33), which the Court grants *nunc pro tunc*.

Nos. 14, 19.) Respondents move to dismiss Ground 2 as wholly unexhausted. (ECF No. 28.)

## III. DISCUSSION

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844-45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

In Ground 2, Brown alleges that his trial counsel rendered ineffective assistance for failure to inform him of a one to four year plea offer and failure to explain the offer to him, resulting in the offer expiring before he could accept it. (ECF No. 19 at 7-8.) Respondents argue that although Brown alleged overlapping supporting facts in his state habeas petition and appeal, he never made an ineffective assistance of counsel claim related to the one to four year plea offer to the state district court. The Court finds that Brown asserted the claim based on the same operative factual allegations and same legal theory to the state district court and the state appellate court. (*See* ECF Nos. 23-24 at 3; 23-48 at 7.) Because the Court finds Ground 2 is exhausted, the Court denies Respondents'

Motion.

## IV. CONCLUSION

It is therefore ordered that Respondents' Motion to Dismiss (ECF No. 28) is denied.

It is further ordered that Respondents' Motion to Extend (ECF No. 33) is granted *nunc pro tunc*.

It is further ordered that Respondents will have until January 12, 2027, to file their answer.

It is further ordered that Brown will have 60 days after service of the answer to file his reply.

DATED THIS 13th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE